GREENLEAF, Adm'r, v. THE ILLINOIS CENTRAL RAILROAD COMPANY.

*Appeal from Dubuque District Court — Monday, December 18.*

PRACTICE: INSTRUCTION: CASE FOLLOWED.

ACTION to recover damages sustained by the estate of Preston Greenleaf, in consequence of his death, occasioned, as is claimed, by the negligence and carelessness of defendant, in whose service he was engaged. Jury trial. Verdict and judgment for $2,800. Defendant appeals. The cause was before this court at the June term, 1870, upon the defendant's appeal, when it was reversed and remanded for new trial. See 29 Iowa, 14.

*Crane & Rood* for the appellant — *H. B. Foulke* and *O. P. Shiras* for the appellee.

DAY, Ch. J.—The evidence being concluded, the defendant filed a motion requesting the court to direct the jury to find a verdict for the defendant, upon the ground that the evidence fails to establish a *prima facie* case of negligence on the part of the defendant, and establishes that Preston Greenleaf was guilty of contributory negligence. The court overruled this motion. After argument, the defendant asked the court to instruct the jury as follows, to wit: " The evidence in this case will not warrant or justify you in finding a verdict for the plaintiff. You will, therefore, find a verdict for the defendant." The court refused to give this instruction. To both actions of the court, the defendant excepted. The only errors assigned relate to these rulings of the court, and they present, substantially, the same question for our consideration. The evidence does not essentially differ from that produced in this case upon the former trial, under which it was held that a similar motion was properly overruled, and a like instruction was properly refused. It is only where the facts are settled, and there exists no controversy or conflict of evidence respecting them, that such motion may be entertained, or instruction given by the court. Such are not the facts of this case. The deceased was injured while attempting to make a flying switch. At the time the switch was made the conductor was absent. There was evidence tending to establish the following facts, to wit: In the absence of the conductor the first or hind brakeman assumes control of the train. Greenleaf proceeded to make the switch, in the absence of the conductor, under the direction of the first brakeman. In doing so, it was his duty to pull the pin attaching the engine to the train, and then get upon the cars again and brake them into the side track.

The car next the engine was not properly and safely equipped for the drawing of the pin between it and the tender by a brakeman who is to return to the top of the car after the drawing of the pin, and apply the brake in making the flying switch. Greenleaf went down the ladder, with a lantern in his hand, on the north side of the car next the tender, where it was his duty to go in making the flying switch. He pulled the pin but did not succeed in again reaching the top of the cars. Six cars passed over his body, by which he was badly torn and mangled.

Under these facts we are clearly of opinion that the questions of the ordinary, reasonable care of the deceased, and of the negligence of the defendant, were properly submitted to the jury, and that the court did not err in overruling the motion, and in refusing to give the instructions asked.

Affirmed.